PER CURIAM:
On or about 6:30 p.m., January 27, 1991, the claimants’ 1989 Chevrolet Cavalier was struck by falling rock at the intersection of State Route 14 (Greenbrier Street) and Hillcrest Drive, Kanawha County. Overhanging the intersection is a 100 foot high cliff. Claimant, Timothy Keely, testified that on the evening in question rock began to fall on their vehicle as they were awaiting the intersection traffic light to turn green. There was a vehicle immediately in front of the claimants’ car, and one behind, preventing their escape from the falling rock. A twelve inch by eight inch rock struck the hood of the claimants’ car, and a smaller rock chipped their rear window. Repairs to the vehicle were estimated to cost $406.82.
*12 Claimants have a $500.00 deductible on their car insurance, that effectively precludes recovery for the described damage. Fortunately, the claimants and their 12-month-old child were not injured in this accident. However, they have sought to recover the property damage, arguing that respondent was negligent by not maintaining the cliff and safeguarding the traveling public from the hazard.
Testimony is uncontroverted that falling rock signs are absent in the vicinity of the cliff. Timothy Keely testified that he was aware of the falling rock in the area, having previously observed falling rock in the area. Mr. Keely testified that he “grew up in that area and used to travel (Greenbrier Street) every day.” When asked how often rock fell, Mr. Keely testified, “...every time it rains.” When asked whether he had contacted respondent to inform them of this hazard, Mr. Keely answered “no.”
Respondent avers that it is not responsible for the rock fall, and was not otherwise negligent. Respondent’s witness, Calvert Mitchell, a road maintenance supervisor, testified that no complaints had been received about rock falls in the accident area.
The case law governing liability for rock falls permits a finding of negligence against respondent, when “it has been demonstrated that respondent knew or should have known that a particular area of highway was dangerous because of frequent rock slides, and adequate precautions to remove the hazard or warn motorists were not taken.” Hammond v. Dept. of Highways, 11 Ct.Cl. 234 (1977). This Court has additionally held that “the lack of falling rock signs does not make the State liable, without convincing evidence of such a hazard.” Jude v. Dept. of Highways, 13 Ct. Cl. 28 (1979).
Conversely, claimant testified that he was aware that rock falls occurred in the described area, and had seen rocks in and along the road-side prior to the accident. As the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways, the Court must deny this claim. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be held liable for damage caused by the rock fall, it must have had either actual or constructive notice of the condition and a reasonable amount of time to take corrective action Davis v. Dept. of Highways, 11 Ct.Cl. 150 (1977). It appears to this Court that the requisite notice was not provided to respondent. The Court is therefore of the opinion to deny the claim.
Claim disallowed.